ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 24, 2003

The Honorable Rodney Ellis
Chair, Senate Committee on
   Government Organization
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0045

Re: Whether Exchanges of the Farmers Insurance Group of Companies® are "authorized insurers" that are required to file withdrawal plans under article 21.49-2C of the Texas Insurance Code; whether their proposed refusal to renew policies of homeowners in Texas would violate state law; and whether the Commissioner of Insurance may impose a moratorium on the approval of a plan for withdrawal (RQ-0620-JC)

Dear Senator Ellis:

You have asked three questions regarding the proposed withdrawal of the Farmers Insurance Group of Companies®[1] ("Farmers") from the Texas homeowners' insurance market.[2] A brief submitted on behalf of Farmers states that "[o]nly two companies have announced that they will no longer . . . offer a renewal of existing policies – Farmers Insurance Exchange and Fire Insurance Exchange [the Exchanges]." Rogers Brief, *supra* note 1, at 1-2. "The two Exchanges are insuring entities who sometimes do business under the federally registered service mark 'Farmers Insurance Group of Companies®.'" *Id.* at 2. A brief received from the Texas Department of Insurance ("TDI") provides further background: "Farmers Group, Inc. is a Nevada corporation and is the parent company of both Farmers Insurance Exchange and Fire Insurance Exchange . . . . The Exchanges are foreign insurers that are domiciled in California and licensed to do business in Texas as

---

[1]"There is no legal entity known as Farmers Group or Farmers Insurance Group of Companies®. Farmers Insurance Group of Companies® is not now, nor has it ever been licensed to transact the business of insurance in any state in the United States. It is, however, a federally registered service mark registered with the United States Patent and Trademark office used for business promotional activities by certain of the Farmers Insuring Entities. It is also a collective internal designation used as a general reference denoting the Farmers Insuring Entities." Brief from Thomas T. Rogers, Jackson Walker, L.L.P., to Honorable John Cornyn, Texas Attorney General at 2 n.1 (Nov. 25, 2002) (on file with Opinion Committee) [hereinafter Rogers Brief].

[2]*See* Letter from Honorable Rodney Ellis, as Chair of the Senate Committee on Finance (currently Chair of the Senate Committee on Government Organization), to Honorable John Cornyn, Texas Attorney General (Sept. 27, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

reciprocal exchange insurers pursuant to Chapter 19 of the Texas Insurance Code."[3] Therefore, our answers apply only to Farmers Insurance Exchange and Fire Insurance Exchange.[4]

You first ask whether the Exchanges' proposed refusal to renew the policies of 700,000 homeowners in Texas would violate state law. *See* Request Letter, *supra* note 2, at 1. On September 24, 2002, Farmers, d/b/a the Exchanges, announced that it would not renew current homeowners' insurance policies beginning in November 2002. This decision would have affected approximately 700,000 households. *See* TDI Brief, *supra* note 3, at 2. Under the terms of article 19.12(a) of the Insurance Code, reciprocal exchange insurers are "exempt from the operation of all insurance laws of this State except as in this Chapter specifically provided, or unless reciprocal or inter-insurance exchanges are specifically mentioned in such other laws." TEX. INS. CODE ANN. art. 19.12(a) (Vernon Supp. 2003).

Section 21.49-2B of the Insurance Code governs cancellation and nonrenewal of certain property and casualty policies, including homeowners' policies. *See id.* art. 21.49-2B, § 2(2). By its terms, it is expressly applicable to reciprocal exchange insurers. *See id.* art. 21.49-2B, § 1(1)(C). Under the terms of this provision, an insurer "shall renew a policy on its expiration, at the option of the insured, *unless the insurer has mailed written notice of nonrenewal to the insured not later than the 30th day before the date on which the policy expires.*" *Id.* art. 21.49-2B, § 5 (emphasis added). The Exchanges' refusal to renew policies of homeowners in Texas would not violate state law, provided that the Exchanges follow the notice provision.

You next ask whether the Exchanges constitute "authorized insurers" who are required to file a plan for withdrawal under article 21.49-2C of the Insurance Code. *See* Request Letter, *supra* note 2, at 1. Such a plan must be "constructed to protect the interests of the people of this state" and must meet certain statutory requirements. TEX. INS. CODE ANN. art. 21.49-2C(a)(1) (Vernon Supp. 2003). Article 21.49-2C is not included in chapter 19's list of statutes to which reciprocal exchanges are subject, nor does article 21.49-2C itself specifically mention reciprocal exchange insurers as "authorized insurers." *Id.* art. 19.12(b)(1)-(2); art. 21.49-2C. Because article 21.49-2C does not apply to reciprocal exchange insurers, the Exchanges would not be required to file a plan for withdrawal from the Texas homeowners' market.

Your final question is whether the Commissioner of Insurance ("the Commissioner") could impose a moratorium on the approval of the Exchanges' plan for withdrawal. *See* Request Letter, *supra* note 2, at 1. Under article 21.49-2C(g), the Commissioner may impose a moratorium of up to two years "on the approval of plans for withdrawal or implementation of plans to restrict the writing of new business." TEX. INS. CODE ANN. art. 21.49-2C(g) (Vernon Supp. 2003). To impose a moratorium, the Commissioner is required to find

---

[3]Brief from Sara Shiplet Waitt, Senior Associate Commissioner, Texas Department of Insurance, to Susan Gusky, Chair, Opinion Committee, Office of Attorney General at 1 (Dec. 9, 2002) (on file with Opinion Committee) [hereinafter TDI Brief].

[4]*See* Farmers Insurance Group of Companies®, *at* http://www.farmers.com/FarmComm/content/CC10115.jsp (listing Farmers Insurance Exchange and Fire Insurance Exchange as reciprocals) (last visited Mar. 24, 2003).

> after notice and public hearing that a catastrophic event has occurred and that as a result of the event, the relevant line of insurance is not reasonably expected to be available to a substantial number of policyholders or potential policyholders in this state, or in the case of personal lines of . . . residential property insurance, in a rating territory.

*Id.* In order for the Commissioner to impose a moratorium on an insurer, the insurer must first be subject to article 21.49-2C. Because the Exchanges are reciprocal exchange insurers that are not subject to article 21.49-2C, they are not subject to a moratorium issued by the Commissioner. *See id.* arts. 19.12(a), 21.49-2B, § 5.

## S U M M A R Y

The refusal of Farmers Insurance Exchange and Fire Insurance Exchange to renew the policies of Texas homeowners would not violate state law, provided that the Exchanges follow the notice procedure set forth in article 21.49-2B, section 5 of the Insurance Code. The Exchanges would not be required to file a plan for withdrawal from the Texas homeowners' insurance market, as they are reciprocal exchange insurers that are not regulated by article 21.49-2C of the Insurance Code. Nor are reciprocal exchange insurers subject to a moratorium issued by the Commissioner of Insurance.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLET
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee